UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TYRONE GRAHAM,

                               Plaintiff,

                                                                               <u>DECISION AND ORDER</u>

                                                                                 06-CV-6271L

                v.

THOMAS POOLE,
Superintendent at Five Points C.F., et al.,

                                 Defendants.
_____

      Plaintiff, Tyrone Graham, appearing *pro se*, commenced this action under 42 U.S.C. § 1983. Plaintiff, an inmate in the custody of the New York State Department of Correctional Services ("DOCS"), has sued a number of DOCS employees, alleging that his constitutional rights were violated in certain respects in 2004 while plaintiff was confined at Five Points Correctional Facility ("Five Points").

      Defendants have moved to dismiss some of plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion is granted.

**DISCUSSION**

**I. Motions to Dismiss–General Principles**

      On a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief may be granted, the court should grant the motion "if it is clear that no relief could be granted under any

set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In ruling on such a motion, the Court must read the plaintiff's complaint generously, "drawing all reasonable inferences from the complaint's allegations," *California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, (1972), and accepting "the material facts alleged in the complaint as true." *Frasier v. General Electric Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991).

Consistent with those principles, the Court of Appeals for the Second Circuit has stated that a "complaint should not be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003) (quoting *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir. 1998)). A court's task in ruling on a Rule 12(b)(6) motion "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 779 (2d Cir. 1984).

**II. Defendants' Motion to Dismiss**

Plaintiff alleges that on May 30, 2004, he slipped and fell as he was leaving the shower at Five Points, and that when he fell he hit his neck and the back of his head, causing injury. He alleges that this would not have happened but for defendants' failure to provide non-slip mats on the floor in and near the shower. He also alleges that he received inadequate medical care for his injuries. He has sued a number of individuals employed at Five Points, asserting claims under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

Defendants contend that plaintiff's claims relating to the slip and fall itself (as opposed to plaintiff's subsequent medical care) must be dismissed for failure to state a claim. I agree. For purposes of Eighth Amendment claims, the Supreme Court has drawn a "distinction between mere negligence and wanton conduct ... ." *Whitley v. Albers*, 475 U.S. 312, 322 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 835 (1994) ("Eighth Amendment liability requires more than ordinary lack of due care for the prisoner's interests or safety") (internal quotes omitted). To state an Eighth Amendment claim, an inmate must allege facts showing that prison officials displayed "'deliberate indifference' to the inmates' health or safety." *Hope v. Pelzer*, 536 U.S. 730, 738 (2002).

Although plaintiff alleges that defendants were aware of the dangerous condition of the shower floor, and failed to rectify it, that amounts to nothing more than negligence, and is not enough to establish an Eighth Amendment claim, which requires a showing of a "wanton state of mind ... ." *Davidson v. Flynn*, 32 F.3d 27, 30 (2d Cir. 1994). Again, all that plaintiff has alleged is that defendants failed to exercise due care in not installing non-slip mats in the shower. That is not enough. *See Walker v. Reed*, 104 F.3d 156, 157-58 (8th Cir. 1997) (inmate's allegation that he "slipped and fell" because of water on the floor of his barracks bathroom, injuring his arm and shoulder, "alleges only a claim for negligence," and did not state a constitutional claim); *see also Kirby v. Kentucky Correctional Psychiatric Center*, 198 F.3d 246 (Table), 1999 WL 1021736 at *2 (6th Cir. Nov. 2, 1999) ("Defendants acted, at most, with mere negligence or lack of due care by failing to provide shower mats or railing"); *Davis v. Reilly*, 324 F.Supp.2d 361, 367 (E.D.N.Y. 2004) (failure to provide shower mats does not rise to level of constitutional violation).

I also find that all of plaintiff's claims against Thomas M. Poole, the Superintendent of Five Points, must be dismissed. Aside from the absence of any allegations of anything more than

negligence on Poole's part, plaintiff also has not alleged that Poole was personally involved in the events giving rise to this suit.

A plaintiff asserting a § 1983 claim against a supervisory official in his individual capacity must show that the supervisor was personally involved in the alleged constitutional deprivation. *Gaston v. Coughlin*, 249 F.3d 156, 164 (2d Cir.2001); *Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir. 2001). "[M]ere 'linkage in the prison chain of command' is insufficient to implicate a state commissioner of corrections or a prison superintendent in a § 1983 claim." *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (quoting *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985)); *see also Colon v. Coughlin,* 58 F.3d 865, 874 (2d Cir. 1995) ("The bare fact that [the defendant] occupies a high position in the New York prison hierarchy is insufficient to sustain [plaintiff's] claim"). Rather, personal involvement may be shown by evidence that the defendant: (1) participated directly in the alleged constitutional violation; (2) after being informed of the violation through a report or appeal, failed to remedy the wrong; (3) created a policy or custom under which unconstitutional practices occurred, or allowed such a policy or custom to continue; (4) was grossly negligent in supervising subordinates who committed the wrongful acts; or (5) exhibited deliberate indifference to others' rights by failing to act on information indicating that unconstitutional acts were occurring. *Colon*, 58 F.3d at 873; *Williams v. Smith*, 781 F.2d 319, 323-24 (2d Cir. 1986).

Here, the only allegations about Poole are that he "recongized [sic] the hazardousness ... of the lack of non-slip floors, and implimented [sic] a policy dated July 29, 2004 providing an additional towel to each cell to be utilized for a bath mat," and that Poole "fail[ed] to provide Plaintiff with adequate medical care" and with "safe living conditions during his period of confinement at Five Points ... ." Complaint ¶¶ 13, 45, 46.

It is not clear whether plaintiff is alleging that the implementation of the policy on July 29, 2004 was somehow wrongful, but if he is, that cannot support plaintiff's claim, since plaintiff's injuries occurred two months prior to that date. Plaintiff may be alleging that the implementation of the policy subsequent to plaintiff's accident constituted an implicit recognition by Poole that the lack of non-slip mats in the shower area created a hazard. There is no allegation, however, that Poole was aware of any hazardous condition prior to plaintiff's accident, and even if he was, there is no allegation that he acted with the requisite state of mind to give rise to an Eighth Amendment claim.

Plaintiff's conclusory allegation that Poole failed to provide him with adequate medical care is also insufficient to state a claim. The factual allegations of the complaint make clear that Poole had no personal involvement in any decisions relating to plaintiff's medical care, and that Poole is simply named because of his position as Superintendent. "There is no *respondeat superior* liability in § 1983 cases," however. *Green v. Bauvi*, 46 F.3d 189, 194 (2d Cir. 1995).

All of plaintiff's claims under the Fifth and Fourteenth Amendments must also be dismissed. "If a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n. 7 (1997). Applying that principle, courts have held that "[t]here is no sustainable substantive due process claim in the alternative to a claim governed under the Eighth Amendment ... ." *Davis v. Pennsylvania Dep't of Corrections*, No. 05-1558, 2006 WL 2927631, at *10 (W.D.Pa. Oct. 12, 2006). *See also Madison v. Mazzuca*, No. 02 Civ.10299, 2004 WL 3037730, at *11 (S.D.N.Y. Dec. 30, 2004) ("Because Madison's deliberate indifference claim is covered by the Eighth Amendment,

the substantive due process claims are duplicative ... . Therefore, the substantive due process claims are dismissed as to all Defendants").

## CONCLUSION

Defendants' motion to dismiss (Dkt. #7) is granted. Plaintiff's claims relating to his slip and fall on May 30, 2004, all of his claims against defendant Thomas M. Poole, and all of his claims under the Fifth and Fourteenth Amendments are dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       March 12, 2007.